### JOHN HEILEMAN v. ELIZABETH FREY ET AL.

1. Upon reversal, by writ of error, of a judgment in ejectment, by virtue of which the plaintiff obtained possession of the premises in dispute, the defendant is entitled to a writ of restitution, in order that he may be restored to the possession of the premises, together with the issues thereof, from the time of entry under the erroneous judgment.

2. Upon application for such writ, the court will not consider whether the plaintiff has acquired an outstanding title, legal or equitable, beside that involved in the action of ejectment.

In ejectment.   On motion for writ of restitution.

Argued at November Term, 1891, before Justices DIXON and REED.

For the plaintiff, *Peter V. Voorhees.*

For the defendants, *John J. Crandall.*

The opinion of the court was delivered by

DIXON, J.   On June 1st, 1887, the plaintiff, Heileman, recovered judgment in this court against Francis Frey and his tenant, Godhardt Eisner, in an action of ejectment for the

possession of certain lands in the township of Stockton, Camden county, and forthwith issued a writ of *habere facias poss.* thereon. By force of these proceedings the tenant, Eisner, subsequently attorned to the plaintiff or his grantee, George W. Shoemaker, who thus became, and still is, possessed of the premises.

Upon a writ of error sued out by the defendants, this judgment was reversed by the Court of Errors in March, 1890, and subsequently, the defendant Frey having died, leaving Elizabeth Frey as his devisee, she was admitted as a party to the suit. She now prays a writ of restitution to restore to her the possession of the premises, together with the issues thereof from the time of the entry under the erroneous judgment.

Shoemaker opposes this prayer upon the ground that, besides the title under which the erroneous judgment was rendered, he holds also a tax title vesting him with a right of possession, and that other suits are pending, both at law and in equity, between himself and Elizabeth Frey, which involve the title to the property.

These matters are not such as can now be considered. The present application rests upon these facts exclusively : That, by virtue of an erroneous judgment of this court, the plaintiff deprived the defendant of the possession and profits of the land, and that such judgment has been annulled by an appellate tribunal, which has ordered that the defendant should be restored to all that he lost by the judgment. Mere obedience to such order requires us to grant the application of the defendant.

If, upon the retrial of this action, the plaintiff's title involved in this suit shall prevail, his remedy for mesne profits will embrace the whole period up to the date of his final recovery ; if he has other title, he may put it in the regular course of litigation, with the like result ; if he has a right to equitable relief, he must seek it in chancery.

The defendant is entitled to a writ of restitution, and it may issue to the effect indicated in *Arrowsmith* v. *Vanarsdale,* 1 *Zab.* 471, 473.